IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| J. C. BAILEY, #1779501-567776, § | | |
| Petitioner, § | | |
| § | | |
| v. § | | 3:15-CV-2906-B-BK |
| § | | |
| WILLIAM STEPHENS, Director § | | |
| TDCJ-CID, § | | |
| Respondent. § | | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made findings, conclusions and a recommendation in this case. Petitioner filed objections, and the District Court has made a *de novo* review of those portions of the proposed Findings, Conclusions and Recommendation to which objection was made. The objections are overruled, and the Court **ACCEPTS** the Findings, Conclusions and Recommendation of the United States Magistrate Judge.[1]

IT IS THEREFORE ORDERED that the successive petition for writ of habeas corpus is **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit. *See* 28 U.S.C. §

---

[1] On October 22, 2015, Petitioner filed a notice of interlocutory appeal purporting to appeal from the the Magistrate Judge's Findings, Conclusions, and Recommendation, which is nonappealable. Doc. 9. Despite the interlocutory appeal, the Court retains jurisdiction to enter this order. *See United States v. Green*, 882 F.2d 999, 1001 (5th Cir. 1989) (holding notice of appeal from a nonappealable order does not divest the district court of jurisdiction); *United States v. Hitchmon*, 602 F.2d 689, 693 (5th Cir. 1979) (noting the contrary rule "leaves the court powerless to prevent intentional dilatory tactics, forecloses without remedy the nonappealing party's right to continuing trial court jurisdiction, and inhibits the smooth and efficient functioning of the judicial process), *superseded on other grounds* as recognized in *United States v. Martinez*, 763 F.2d 1297, 1308 n.11 (11th Cir. 1985).

2244(b)(3); 28 U.S.C. § 1631.[2]

SO ORDERED this 16th day of November, 2015.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

---

[2] An order transferring a successive application to the court of appeals is not a final order requiring a certificate of appealability. See *United States v. Fulton*, 780 F.3d 683, 688 (5th Cir. 2015); *Brewer v. Stephens*, 605 Fed. Appx. 417 (5th Cir. 2015) (per curiam).